# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ARTIFACT, LLC, ) | Case No. 18-13290-BFK |
| ) | Chapter 7 |
| Debtor . ) | |
| ) | |
| ) | |
| JANET M. MEIBURGER, TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. _____ |
| ) | |
| YANG JIN ) | |
| ) | |
| and ) | |
| ) | |
| HONG ZHANG, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT TO AVOID AND
## RECOVER PREFERENTIAL TRANSFER

Janet M. Meiburger, the duly-appointed chapter 7 trustee (the "**Trustee**") for the bankruptcy estate of Artifact, LLC (the "**Debtor**"), by counsel, brings this Complaint to Avoid and Recover Preferential Transfer, pursuant to 11 U.S.C. §§ 502, 547, 549, and 550, against Yang Jin and Hong Zhang (the "**Defendants**"), and in support thereof, asserts as follows:

---

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER FLEISCHER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone:  (703) 584-8900
Facsimile:  (703) 584-8901
Email:  kburgers@hirschlerlaw.com

*Counsel to the Chapter 7 Trustee*

## Nature of the Action

1. The Trustee seeks a money judgment against the Defendants relating to a certain preferential transfer that was made by the Debtor to the Defendants during the ninety (90) day period preceding the commencement of the Debtor's above-captioned bankruptcy case (the "**Preference Period**").

2. The Trustee seeks entry of a judgment against the Defendants: (a) avoiding, pursuant to Sections 547(b) and 549(a) of the United States Bankruptcy Code (the "**Bankruptcy Code**"), the preferential transfer made to or for the benefit of the Defendants; and (b) directing the Defendants to pay to the Trustee, pursuant to Section 550(a) of the Bankruptcy Code, an amount to be determined at trial that is not less than the aggregate amount of the avoidable transfer, plus interest and costs.

3. To the extent that the Defendants have filed a proof of claim or have a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or have otherwise requested payment from the Debtor's estate (collectively, the "**Claims**"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Trustee's rights to object to such Claims for any reason including, but not limited to, Section 502 of the Bankruptcy Code, and such rights are expressly reserved.

## Jurisdiction and Venue

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.§§ 157 and 1334 and 11 U.S.C. §§ 502, 547, and 550.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

6. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2) and is brought pursuant to Federal Rule of Bankruptcy Procedure 7001.

### The Parties

7.  On September 28, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee was appointed on September 29, 2018 (Docket No. 4).

8.  The Defendants are persons as defined in 11 U.S.C. § 101(41).

9.  The Debtor was a custom home builder and the general contractor for the construction of a custom home to be built for the Defendants.

### FACTUAL ALLEGATIONS

10. On June 9, 2017, the Defendants entered into a contract (the "**Contract**") with the Debtor whereby the Debtor agreed to build a custom house (the "**Project**") for the Defendants.  At that time, the Defendants gave the Debtor an initial deposit in the amount of $52,000.00 for the Project.

11. On September 29, 2017, the Defendants signed the draw schedule, which outlined the payments to be made by the Defendants to the Debtor over the course of the Project.

12. On October 3, 2017, the Defendants made a payment to the Debtor in the aggregate amount of $113,858.00, which amount was comprised of (a) the second deposit in the amount of $51,000.00 for the Project and (b) the cost of building the foundation in the amount of $62,858.00.

13. On March 2, 2018, the Defendants made a payment to the Debtor in the amount of $112,608.00.  This payment was the last payment made by the Defendants to the Debtor for the Project.

14. The Defendants made payments to the Debtor in the aggregate amount

of $278,466.00 for the Project.

15. The Debtor did not complete construction of the Project as required by the Contract.

16. The Defendants made numerous demands on the Debtor to return money to the Defendants for unperformed work.

17. On August 17, 2018, in response to these demands, the Debtor issued a cashier's check to the Defendants in the amount of $20,500.00 as a partial refund.

## COUNT I
### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))

18. The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 17 above as if fully set forth herein.

19. During the Preference Period, the Debtor made a preferential transfer (the "**Preferential Payment**") to, or for the benefit of, the Defendants in the amount of $20,500.00.

20. During the Preference Period, the Defendants were creditors of the Debtor within the meaning of Section 547(b)(1) of the Bankruptcy Code, by virtue of paying the Debtor for future services which the Debtor did not yet perform.

21. The Preferential Transfer was a payment in the amount of $20,500.00 made by the Debtor to the Defendants on August 17, 2018.

22. The Preferential Transfer was made to the Defendants.

23. The Preferential Transfer was also made for the benefit of the Defendants because the Preferential Transfer reduced a debt then owed by the Debtor to the Defendants.

24. The Preferential Transfer was made for or on account of an antecedent debt owed by the Debtor to Defendant.

25. The Preferential Transfer was made while the Debtor was insolvent. The Trustee is entitled to the presumption of insolvency for each Preferential Transfer made during the Preference Period pursuant to Section 547(f) of the Bankruptcy Code.

26. The Trustee estimates that the Debtor's general unsecured creditors will receive distributions of less than the full value of their claims against the Debtor's estate.

27. The Preferential Transfer enabled the Defendants to receive more than they would receive if (a) the Preferential Transfer had not been made and (b) the Defendants received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

28. The Defendants were the initial transferee of the Preferential Transfer.

29. By reason of the foregoing, the Preferential Transfer should be avoided and set aside as an avoidable preferential transfer pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT II
### (Recovery of Preferential Transfer Pursuant to 11 U.S.C. § 550(a))

30. The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

31. The Trustee is entitled to avoid the Preferential Transfer pursuant to Sections 547(b) and 549(a) of the Bankruptcy Code.

32. The Defendants were the initial transferee of the Preferential Transfer or the person for whose benefit the Preferential Transfer was made.

33. Pursuant to Section 550(a) of the Bankruptcy Code, the Trustee is

entitled to recover from Defendant the Preferential Transfer in the amount of $20,500.00.

**WHEREFORE**, the Trustee prays for a judgment on this Complaint, as it may be amended from time to time, as follows:

    (a)    For avoidance of the Preferential Transfer pursuant to Sections 547(b) and Section 549(a) of the Bankruptcy Code;

    (b)    For recovery from the Defendants of not less than the amount of the Preferential Transfer plus interest and costs, pursuant to Section 550(a) of the Bankruptcy Code;

    (c)    For recovery from the Defendants of prejudgment interest, costs, and attorney's fees and expenses, to the extent recoverable under applicable law; and

    (d)    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: November 25, 2019

/s/ Kristen E. Burgers
Kristen E. Burgers (VSB No. 67997)
Hirschler Fleischer, P.C.
8270 Greensboro Drive, Suite 700
Tysons, VA 22102
Telephone: (703) 584-8364
Facsimile: (703) 584-8901
E-mail: kburgers@hirschlerlaw.com

*Counsel to the Chapter 7 Trustee*

11720614.3  044719.00001