# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ARTIFACT, LLC, | ) | Case No. 18-13290-BFK |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

## MOTION FOR APPROVAL OF SETTLEMENT AND COMPROMISE

Janet M. Meiburger, the chapter 7 trustee (the "**Trustee**") for the bankruptcy estate of Artifact, LLC (the "**Debtor**"), by counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), moves the Court (the "**Motion**") for entry of an order approving the compromise and settlement of disputes between the Trustee and Yang Jin and Hong Zhang (the "**Defendants**") with respect to that certain adversary proceeding captioned as *Meiburger v. Jin et al.,* Adv. Proc. No. 19-001113-BFK (the "**Adversary Proceeding**"), and, in support thereof, respectfully states as follows:

### Jurisdiction

1. This court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of this case and this motion in this district is proper under 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C. §105(a) and Rule 9019.

---

Kristen E. Burgers (VSB No. 67997)
HIRSCHLER FLEISCHER, PC
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
Telephone: (703) 584-8900
Facsimile: (703) 584-8901
Email: kburgers@hirschlerlaw.com

*Counsel to the Chapter 7 Trustee*

**Background**

2. On September 28, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee was appointed on September 29, 2018 (Docket No. 4).

3. The Debtor was a custom home builder and the general contractor for the construction of custom homes.

4. On June 9, 2017, the Defendants entered into a contract (the "**Contract**") with the Debtor whereby the Debtor agreed to build a custom house (the "**Project**") for the Defendants. At that time, the Defendants gave the Debtor an initial deposit in the amount of $52,000.00 for the Project. Over the next nine months, the Defendants made additional payments to the Debtor. The aggregate amount of all payments, including the initial deposit, made by the Defendants to the Debtor for the Project, is $278,466.00.

5. The Debtor did not complete construction of the Project as required by the Contract. As a result, the Defendants made numerous demands on the Debtor to return money to the Defendants for unperformed work.

6. On August 17, 2018, in response to these demands, the Debtor issued a cashier's check to the Defendants in the amount of $20,500.00 (the "**Transfer**") as a partial refund.

7. On November 25, 2019, the Trustee filed her complaint against the Defendants, thereby initiating the Adversary Proceeding. In the complaint, the Trustee sought to avoid the Transfer as a preferential transfer pursuant to section 547(b)(1) of the Bankruptcy Code and to recover the Transfer for the benefit of the estate pursuant to section 550(a) of the Bankruptcy Code.

**Proposed Settlement**

8. After the complaint was filed, the Trustee, by counsel, and the Defendants engaged in settlement discussions. Following a lengthy negotiation, the Trustee agreed to accept $17,000 (the "**Settlement Amount**") from the Defendants in settlement of the Trustee's claims against them.

9. The Defendants have paid the Settlement Amount to the Trustee. The Trustee is holding the Settlement Amount in her trust account pending approval of the settlement by the Court.

**Legal Argument**

10. By this Motion, the Trustee requests approval of the settlement and compromise of the Trustee's claims against the Defendants for the Settlement Amount pursuant to Bankruptcy Rule 9019.

11. The agreement and compromise between the Trustee and the Defendants is a settlement of disputed claims made after substantial negotiations and after consideration of the costs and risks attendant to litigation of such claims and potential defenses. In the Trustee's business judgment, the settlement represents a fair compromise.

12. A compromise of claims and interests in and to potential recoveries is permissible as a compromise under Bankruptcy Rule 9019 so long as such agreement and compromise are in the best interests of the estate. Courts in this jurisdiction have held that the factors governing approval of such a compromise consist of:

> … a fairly uniform and liberal standard. In summary, the court is to consider the probability of the trustee's success in any ensuing litigation, any collection difficulties, the complexity, time and expense of the litigation, and the interests of creditors with proper deference to their reasonable views.

*In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995). Where terms of settlement provide tangible benefits to the estate in return for the sacrifice of uncertain claims, the court exercises proper discretion in approving such settlement. See, e.g., *In re Bond*, 16 F.3d 408 (4th Cir. 1994).

13. If the claims were litigated, the cost of such litigation would almost certainly be more that the discount given to the Defendants. While the Trustee has confidence in her claims and anticipates that she would prevail at trial, she would still have to incur the costs of litigation and overcome the uncertainties of collecting a judgment against the Defendants. The Trustee submits that the tangible benefits generated by the settlement proposed herein outweigh the uncertainty and costs of any litigation of such claims, and that settlement is in the best interests of the estate and creditors.

WHEREFORE, for all the foregoing reasons, the Trustee respectfully requests that this Court (i) approve the proposed settlement and compromise of the claims of the Trustee against the Defendants as identified herein and (ii) grant such other and further relief as this Court may deem just and proper.

Dated: June 4, 2020                                    Respectfully submitted,

*/s/ Kristen E. Burgers*
Kristen E. Burgers (VSB No. 67997)
Hirschler Fleischer, PC
8270 Greensboro Drive, Suite 700
Tysons, VA 22102
Telephone: (703) 584-8364
Facsimile: (703) 584-8901
E-mail: kburgers@hirschlerlaw.com

*Counsel to the Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 4, 2020, copies of the foregoing Motion for Approval of Settlement and Compromise and proposed order were served via this Court's CM/ECF electronic filing service on all parties entitled to receive notice thereby and by first-class mail, postage prepaid upon the following:

>Yang Jin and Hong Zhang
>7407 Bethune Street
>Falls Church VA 22043

>*/s/ Kristen E. Burgers*
>Kristen E. Burgers

12389960.1  044719.00001